MARY FIGOLI, PLAINTIFF AND APPELLANT, v. SAMUEL HALPERN, TRADING, &c., AS NEW YORK FURNITURE COMPANY, DEFENDANT AND APPELLEE.

Submitted July 1, 1915—Decided November 15, 1915.

1. Possession of personal property is *prima facie* evidence of ownership.

2. In a suit for damages for the conversion of *several* articles of household furniture taken from the possession of the plaintiff by the defendant, testimony that, prior to the conversion, the plaintiff offered to purchase of the defendant "*some* of the goods in question," without any other evidence tending to show ownership or right of possession in the defendant, will not justify a finding that the defendant had title or right of possession to *all* of the articles.

3. In an action for damages for conversion, where the plaintiff's evidence tended to show title in herself, and the defendant, by placing his defence on title in himself, puts in issue the ownership of the property, it is competent for the plaintiff to prove that by her purchase from a third party in possession she was a *bona fide* purchaser for value and without notice of the defendant's claim, and this she may do by the testimony of witnesses who were present and heard what was said when the parol contract of sale was made.

On appeal from the District Court of the city of Hoboken.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Pierson & Schroeder.*

For the appellee, *Morris Umansky.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff sought to recover damages for the conversion by the defendant of several articles of household furniture taken by the defendant from the plaintiff's house.

At the trial the plaintiff proved that, at the time of the conversion, she was in possession of the property.   That was *prima facie* evidence of ownership.   38 *Cyc.* 2077.

The plaintiff also testified that she bought the furniture of Frank De Bendito, whilst it was in his possession in another apartment of the plaintiff's house, and that she paid $50 therefor.

The defendant then testified that prior to the conversion, the plaintiff offered to purchase of him *"some* of the goods in question."   Without any other evidence tending to show ownership or right of possession in the defendant, the learned trial judge seems to have found that the defendant had title or right of possession to *all* of the articles, and rendered judgment for the defendant.   Clearly, that was erroneous. The mere fact that the plaintiff had offered to purchase of the defendant *some* of the articles did not show, or tend to show,

that the defendant had title or right of possession to *all* of them.

Since the case must be tried again it seems prudent to point out an error in the exclusion of evidence.

As we have said, the plaintiff had produced evidence tending to show title in herself, and the defendant, by placing his defence on title in himself, put the ownership of the furniture in issue. It was therefore competent for the plaintiff to prove that her purchase from a third party in possession was a *bona fide* purchase for value and without notice of the defendant's claim. This the plaintiff offered to do by the testimony of witnesses who were present and heard what was said when the parol contract of sale was made. The trial judge overruled such offer. That, we think, was erroneous.

The judgment below will be reversed and a new trial awarded.